**Min Tian GAO, Petitioner,**

v.

**Alberto GONZALES, United States Attorney General, Respondent.**

Docket No. 03–40327.

United States Court of Appeals, Second Circuit.

July 21, 2005.

Jason E. Peltz (John J. Boudia, on the brief), Royal Oak, MI, for Petitioner.

Michael T. Donovan, Assistant United States Attorney (Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, James P. Fleissner, Assistant United States Attorney, on the brief), Chicago, Illinois, for Respondent.

Present: Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges, and Hon. FREDERICK J. SCULLIN, Jr.,[1] Chief District Judge.

SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. When reviewing asylum claims, "[w]e review the factual findings underlying the [IJ's] determinations under the substantial evidence standard, reversing only if no reasonable fact-finder could have failed to find that petitioner suffered past persecution or had a well-founded fear of future persecution or torture." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177 (2d Cir.2004) (internal quotation omitted); *see also Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003) (noting that when the BIA summarily affirms the IJ's decision, we review the decision of the IJ directly). To reverse an IJ's factual finding, we must conclude "that the evidence not only supports [a] conclusion" favorable to the asylum applicant, "but *compels* it." *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

---

1. The Honorable Frederick J. Scullin, Jr., Chief Judge of the United States District Court for the Northern District of New York, sitting by designation.

In this case, substantial evidence supports the IJ's determination that petitioner was not credible. Petitioner offered conflicted, confused testimony both as to the facts surrounding his wife's IUD and those surrounding the alleged persecution of his family for membership in a political group. Accordingly, the IJ did not err in finding Gao not credible. Petitioner's current contention regarding the IJ's alleged confusion over two supplements is not to the contrary.

Accordingly, for the reasons stated above, the petition for review is denied.